IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MICHELLE A. LANCASTER**                                                                                          **PLAINTIFF**

V.                                       **CASE NO. 1:14CV00026-BD**

**CAROLYN W. COLVIN**, Acting Commissioner,
Social Security Administration                                                                            **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michelle Lancaster appeals the final decision of the Commissioner of the Social Security Administration denying her claims for disability insurance benefits. Both parties have submitted appeal briefs, and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Papesh v. Colvin*, __ F.3d __, 2015 WL 3396586, at *4 (8th Cir. 2015); see also 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012). In assessing the substantiality of the evidence, the Court has considered evidence that detracts from the Commissioner's decision as well as evidence that supports it.

Ms. Lancaster alleged she became unable to work on October 1, 2000, due to bipolar disorder, anxiety, social disorder, and depression. (SSA record 140) Ms.

---

[1]The parties have consented to the jurisdiction of the Magistrate Judge. (Docket #4)

Lancaster's claims were denied initially and upon reconsideration. At Ms. Lancaster's request, an Administrative Law Judge[2] ("ALJ") held a hearing on March 4, 2013, where Ms. Lancaster appeared with her lawyer. At the hearing, the ALJ heard testimony from Ms. Lancaster and a vocational expert.[3]  (SSA 25-52)

The ALJ issued a decision finding that Ms. Lancaster was not disabled under the Act from October 1, 2000, her alleged onset date, through the date she was last insured, June 30, 2002. (SSA 10-15)   The Appeals Council denied Ms. Lancaster's request for review, making the ALJ's decision the Commissioner's final decision. (SSA 1-3)

Ms. Lancaster was fifty-five years old at the time of the hearing, but was forty-four years old the date last insured – June 30, 2002. She had an eleventh-grade education, and no past relevant work during the applicable period. (SSA 30-31, 48)

The ALJ followed the familiar five-step evaluation process in determining that Ms. Lancaster was not disabled.[4]  The ALJ found that Ms. Lancaster had not engaged in substantial gainful activity since her alleged onset date of October 1, 2000 through June

---

[2] The Honorable Clarence Daniel Stripling.

[3] According to her testimony, Ms. Lancaster's diagnosis of bipolar disorder was made two years before her 2013 hearing before the ALJ. Thus, there is no evidence to support her claim of disability due to bipolar disorder during the time period relevant to this case, *i.e.*, October 1, 2000 through June 30, 2002.

[4] Was the claimant engaged in substantial gainful activity? If not, did she have a severe impairment? If so, did the impairment (or combination of impairments) meet or equal a listed impairment? If not, did the impairment (or combination of impairments) prevent the claimant from performing her past relevant work? If so, did the impairment (or combination of impairments) prevent the claimant from performing any other jobs available in significant numbers in the national economy? 20 C.F.R. § 404.1520(a)-(g).

30, 2002, the date she was last insured.  At step two of the five-step analysis, the ALJ found that Ms. Lancaster's major depressive disorder was a medically determinable impairment, but that it was not severe under the definitions in 20 C.F.R. § 404.1521. (SSA record  12)

*Ms. Lancaster's Points on Appeal*

Ms. Lancaster argues that the Commissioner's decision should be reversed because the ALJ erred when he: (1) ignored her "continuous problems with depression" from 1998 through 2012; and (2) failed to develop the record by supplying treatment providers with interrogatories.  (Docket entry #13)

*Step Two*

At step two, the ALJ determined that Ms. Lancaster's depression was not a severe impairment because it was adequately controlled by medication.  Impairments that can be controlled by medication or treatment are not considered disabling.  *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002); see also *Gates v. Astrue*, 627 F.3d 1080, 1082 (8th Cir. 2010) (holding depression not severe when it improved with medication).

Here, the ALJ's finding is supported by the medical evidence from the relevant time period.  While it is true that Ms. Lancaster was diagnosed with depression in the fall of 1998, there was a lapse in treatment from December of 1998 through June of 2000. (SSA 496-508) When she returned to the doctor in June 2000, Ms. Lancaster indicated that she had recently felt more depressed.  She also advised, however, that she had previously "responded well" to medications but had been off of them for six months.

(SSA 494)  Ms. Lancaster's failure to take her medications as prescribed was properly considered by the ALJ when weighing the credibility of her claims.  *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility.").

Plaintiff was to return for a six-week follow-up visit, but did not return until January 2001 – over six months later.  The lapses in treatment, along with Plaintiff's failure to follow her doctor's directives, weigh against the credibility of her allegations as to the severity of her impairment.  *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (holding that an ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether the claimant sought regular medical treatment.).

At the January 2001 visit, Ms. Lancaster reported that her mood was better and that she was feeling more stable.  (SSA 493)  In February of 2001, she reported that she was "doing well," and the doctor found no "symptoms of depression."  (SSA 492)  In May of 2001, she again reported that she was "doing well." (SSA 491)  In October of 2001, Ms. Lancaster reported only "occasional problems" and denied feeling depressed.  (SSA 490)  She was to return in two months, but did not return until May of 2002.  At the May 2002 visit, Ms. Lancaster again indicated that she was doing well, that she was taking only half doses of two of her medications.  She complained, however, of weight gain as a side effect.  (SSA 489)

After the relevant time period, Ms. Lancaster returned to the doctor in July of 2002, and reported that she had again stopped taking her medications. (SSA 488) At follow-up appointments in August and November of 2002, she again reported that she was doing well. (SSA 486-487) In sum, there is substantial medical evidence to support the ALJ's finding that Ms. Lancaster's depression was "non-severe" during the relevant time period. During this period, her medications, when she took them as prescribed, appeared to control her symptoms.

*Development of the Record*

Ms. Lancaster complains that the ALJ should have further developed the record by asking her treatment providers to answer interrogatories. (Docket entry #13) Failing to develop the record is reversible error only when it does not contain sufficient medical evidence for the ALJ to determine if the claimant is disabled. *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011).

Here, there was sufficient evidence from sources who treated Ms. Lancaster during the relevant time period to determine whether she was disabled at that time. The ALJ was not obligated to further develop the record.

*Conclusion*

There is substantial evidence to support the Commissioner's decision that Michelle Lancaster was not disabled within the meaning of the Social Security Act during the relevant time period. Therefore, the decision of the Commissioner must be, and hereby

is, affirmed. The case is dismissed, with prejudice, this 29th day of June, 2015, and the oral argument hearing scheduled for August 13, 2015, is canceled.

_____
UNITED STATES MAGISTRATE JUDGE